UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAYMOND MARTIN WILSON,

                   Petitioner,

                                      CASE NO. 05-CV-70541-DT

v.

                                      PAUL D. BORMAN

MILLICENT WARREN,                       UNITED STATES DISTRICT JUDGE

                   Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S MOTIONS</u>**
**<u>FOR A CERTIFICATE OF APPEALABILITY</u>,**
**<u>BUT GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

      Petitioner Raymond Martin Wilson has appealed the Court's denial of his habeas corpus

petition, which challenges Petitioner's state convictions for first-degree criminal sexual conduct.

Currently pending before the Court are Petitioner's motion and petition for a certificate of

appealability.

**I. STANDARD OF REVIEW**

      "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic

right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must

first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

            Where a district court has rejected the constitutional claims on the merits,
    the showing required to satisfy § 2253(c) is straightforward: The petitioner must
    demonstrate that reasonable jurists would find the district court's assessment of
    the constitutional claims debatable or wrong. . . . When the district court denies a
    habeas petition on procedural grounds without reaching the prisoner's underlying

> constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II. DISCUSSION

The first habeas claim alleges that a conflict of interest existed between the elected county prosecutor and Petitioner. The Court found no merit in this claim, because the county prosecutor was not involved in Petitioner's trial and the issue was disclosed before trial without objection by anyone, including Petitioner. Further, Petitioner failed to show that facts known only to the prosecution and acquired through the former confidential relationship were used against him at trial.

The second habeas claim alleges that there was neither a proper warrant for Petitioner's arrest, nor probable cause to arrest him. The Court determined that this Fourth Amendment claim was not cognizable on habeas review pursuant to *Stone v. Powell*, 428 U.S. 465, 482 (1976) (holding that, when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").

The third habeas claim alleges prosecutorial misconduct and ineffective assistance of trial counsel. The Court determined that the prosecutor's conduct was proper and that defense counsel was not ineffective for failing to object to the conduct.

The fourth and final habeas claim challenges Petitioner's sentence. The Court

determined that the portion of Petitioner's claim which challenged the sentencing guidelines was not cognizable on habeas review and that Petitioner's constitutional claims lacked merit.

## III.  CONCLUSION

Reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  Nor would reasonable jurists find it debatable whether the Court's procedural rulings were correct or whether the petition states a valid claim of the denial of a constitutional right.

Accordingly, the Court

**DENIES** Petitioner's motion for a certificate of appealability [Doc. 25, Mar. 23, 2007] and his petition for a certificate of appealability [Doc. 26, Mar. 23, 2007].  Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in the District Court.  Fed. R. App. P. 24(a)(3).

**SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 4, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 4, 2007.


s/Denise Goodine
Case Manager

3