UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND M. WILSON,

               Petitioner,

v.                                              CASE NO. 05-cv-70541

                                                PAUL D. BORMAN
MILLICENT WARREN,                               UNITED STATES DISTRICT JUDGE

               Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO EXCLUDE STATEMENTS AND STRIKING PETITIONER'S MOTION TO DISMISS

On February 10, 2005, petitioner Raymond M. Wilson filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenged Petitioner's state conviction for two counts of first-degree criminal sexual conduct. The habeas petition alleged that (1) the county prosecutor had a conflict of interest, (2) Petitioner was illegally detained on a warrant that never existed, (3) the complaining witness committed perjury, and (4) Petitioner's sentence was unconstitutional. On February 23, 2007, the Court denied the habeas petition on the merits and declined to issue a certificate of appealability. The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability on October 1, 2007. The Court of Appeals stated that two of Petitioner's claims were procedurally defaulted, his sentencing claim was a state law issue for which relief could not be granted, and his remaining claims lacked merit. *See Wilson v. Warren*, No. 07-1389 (6th Cir. Oct. 1, 2007).

Currently pending before the Court are Petitioner's motion to exclude certain trial testimony and Petitioner's motion to dismiss the criminal charges against him. Both motions argue that the Michigan statute of limitations for criminal sexual conduct barred prosecution of

Petitioner.

The motion to dismiss [Dkt. 32, June 18, 2008] is **STRUCK** from the record because the

motion was signed by paralegal Robert C. Poor. Only a party or an attorney of record may sign

pleadings and motions. Fed. R. Civ. P. 11(a).

The motion to exclude statements alleges violations of state law. "[F]ederal courts do not

sit to re-try state cases de novo," *Milton v. Wainwright*, 407 U.S. 371, 377 (1972), and "federal

habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780

(1990). Furthermore, this case is closed and Petitioner is raising a new claim for which state

court remedies apparently have not been exhausted. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v.

Reese*, 541 U.S. 27, 29 (2004). Accordingly, Petitioner's motion to exclude statements [Dkt. 31,

June 18, 2008] is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
October 9, 2008.


s/Denise Goodine
Case Manager

2